**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| Michael Wayne Powell, | : | |
|     Petitioner/Defendant, | : | Civil Action No. 11-731-CG |
| v. | : | Criminal No. 10-207-CG-C |
| United States of America, | : | |
|     Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner Michael Wayne Powell, a federal prison inmate proceeding *pro se*, has filed a timely motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, and brief in support (Doc. 38); the United States has filed a response in opposition (Doc. 40), to which Powell has replied (*see* Doc. 41). This action is now before the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

It is **RECOMMENDED** that Powell's § 2255 petition be **DENIED** and the Court find that Powell is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

### Background

A two-count indictment (Doc. 14) charged Powell with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2), and receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (b)(1)). Powell, represented by an Assistant Federal Public Defender, entered a blind plea to both counts of the indictment (*see* Docs. 19 (notice) & 21 (order on guilty plea)), and received concurrent sentences of 188 months, as to the first count, and 240 months, as to the second count. (*See generally* Docs. 35 (judgment) & 36 (statement of reasons).) On the same day Powell was sentenced, March 10, 2011, he entered a notice of no appeal (Doc. 34).

<u>Analysis</u>

**I.      Preliminary Matter: Powell's "Petition for Commutation of Sentence."**

Powell affixes to his reply a "Petition for Commutation of Sentence" (*see* Doc. 41 at 5-10), seeking a reduction of prison sentence and remission.  Because no certificate of service accompanies Powell's clemency petition, it is not clear whether Powell is seeking this relief from the Court or simply providing the Court with a courtesy copy. If it is the former, the Court is without power to act on this request.  "A clemency petition is directed to the executive branch of government which has the power to grant clemency or commute a sentence.  As such, clemency is an executive remedy not a judicial remedy. . . .  Indeed, clemency petitions and decisions to commute sentences are not the business of judges and the courts."  *United States v. Lopez-Meza*, No. CR 06-523-PHX-DGC; No. CV 06-2767-PHX-DGC(VAM), 2006 WL 3499919, at *1-2 (D. Ariz. Dec. 4, 2006) (quoting *Graham v. Angelone*, 73 F. Supp. 2d 629, 630-31 (E.D. Va. 1999) and directing the movant in that matter to address his petition to the President).

**II.      Ground One: Calculation of Sentence (Prior Criminal Conduct).**

In his first ground for relief, Powell appears to take issue with the Court's consideration of his prior felony convictions to calculate—or, in his terms, enhance—his sentence:

> Five years was attached because prosecutors claimed I was a danger to society because of the amount of prior felony's [sic] of failure to regester [sic].  Each time is accountable except for one, which I violated by leaving the State of Oklahoma to come home to be close to children, personal problems with family.  Court was without Subject Matter Jurisdiction, Lack personal matter jurisdiction; entitled to "implied acquittal," plea was not serious offense all counts amount to One Conviction, a maximum of 10 yrs.

(Doc. 38 at 6.)

First, Powell has shown neither that his criminal history points were miscalculated nor that any miscalculation of criminal history points would have affected the sentence imposed.  As calculated by the United States Probation Office—a calculation that Powell did not object to—Powell had a total offense level of 30 and a criminal history category of V, yielding a sentencing guideline range of 151 to 188 months.  But, because Count II carried a minimum mandatory custody sentence of 15 years (180 months), the guideline range was adjusted to 180 to 188 months.  Thus, as the United States points out in response (*see* Doc. 40 at 3), any reduction in Powell's criminal history category would not affect his sentence since the low end of the range would remain 180 months.

Furthermore, an assertion "that the Court erroneously calculated his criminal history category, is a non-constitutional, non-jurisdictional claim[,]" which Powell "could have [ ] raised in a direct appeal."  *United States v. Romero*, No. 2:03-CR-0047 (20), 2007 WL 1705085, at *4 (N.D. Tex. June 12, 2007) (citing *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992) ("a court's technical application of the sentencing guidelines does not create a constitutional issue"); *United States v. Baty*, 980 F.2d 977 (5th Cir.1992), *cert. denied*, 508 U.S. 956 (1993)).  "Section 2255 is simply not a substitute for a direct appeal, [ ] and 'nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."'"  *Orso v. United States*, Nos. 09–80580–CIV; 03–80061–CR, 2010 WL 2287052, at *2-3 (S.D. Fla. June 7, 2010) (quoting *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting, in turn, *Reed v. Farley*, 512 U.S. 339, 348 (1994))); *see also United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (in which a defendant asserted "that the sentencing court erred when it miscalculated his sentence under the

Sentencing Guidelines[,]" and the Fourth Circuit, construing the motion as one made under § 2255, concluded: "Barring extraordinary circumstances, [ ] an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law.  Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.") (collecting cases) (internal quotation marks omitted). Therefore, even if the calculation of Powell's criminal history should be adjusted, which most definitely does not appear to be the case, his § 2255 petition utterly fails to make the showing necessary—the alleged error is either a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure"—to get around the prohibition on considering such a claim on collateral attack.

For these reasons, Powell is not entitled to relief under this first ground.

### III.    Grounds Two and Four: Constitutional Violations.

Powell asserts various violations of rights protected by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  Under the second ground, Powell asserts, generally, (1) the viewing of child pornography is protected speech (First Amendment); (2) his right to confront a witness was violated (Sixth Amendment); and (3) "the intimidation of receiving a mandatory life sentence" prevented him from going to trial and violated his right to equal protection (presumably pursuant to Fifth Amendment due process).  (Doc. 38 at 7.)[1]  And, under

---

[1]        Powell also invokes the "Fair Sentencing Act of 2010" (*see id.* at 7), but that act, "which reduces the cocaine/cocaine base disparity by amending the drug quantities triggering the statutory penalties," *United States v. McDougald*, 420 Fed. App'x 238, 238 (4th Cir. Apr. 1,

the fourth count, Powell once again asserts that the materials he possessed were constitutionally protected (invoking the First and Eighth Amendments) and also challenges the sufficiency of the indictment; asserting, "it does not charge all essential element[s]." (*Id.* at 10.) These claims are echoed in his reply. (*See* Doc. 41 at 2-3.)

None of the alleged constitutional violations were asserted in a direct appeal of Powell's sentence. Rather, as stated above, Powell made the decision not to appeal and filed a "Notice of No Appeal" on March 20, 2011 (Doc. 34).[2]

> [W]hen a defendant does not file a direct appeal on issues that he later seeks to raise under § 2255, the "prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). As a general rule, issues not raised at sentencing and on direct appeal have been waived and cannot be litigated in a motion under § 2255 unless the defendant can first show both "cause" excusing this procedural default and "prejudice" resulting from the alleged error. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

*United States v. Farley*, Nos. Cr. 90-00283-01; Civ. A. 95-6716, 1996 WL 20661, at *1 (E.D. Pa. Jan. 12, 1996); *see also Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Although procedural default can be excused if a petitioner can show "cause for not raising the claim of error

---

2011) (per curiam), obviously, has no application to Powell's sentence, entered after his conviction on two counts concerning child pornography.

[2]    That notice in part provides that Powell

> [was] advised by the Court and by [his] attorney of [his] right to appeal [his] conviction and sentence. [He] consulted with [his] attorney, who [ ] explained the advantages and disadvantages of taking an appeal. [He] had sufficient time to consider [his] options and require[d] no further explanation. [And a]fter consideration, it [was his] desire to inform the Court that [he did] not wish to take an appeal.

(*Id.*)

on direct appeal and actual prejudice from the alleged error[,]" *Lynn*, 365 F.3d at 1234 (emphasis omitted), Powell has failed to attempt, much less make, such a showing in his petition.

Thus, it is clear that by not raising these claims in a timely appeal to the Eleventh Circuit, Powell has "procedurally defaulted on [them]." *United States v. Davis*, Criminal No. 08–0052–CG; Civil Action No. 09–00502–CG–N, 2010 WL 5239243, at *4-5 (S.D. Ala. Nov. 22, 2010) (citing a "Notice of No Appeal" with identical language and finding the petitioner procedurally defaulted his challenge to the validity of his guilty plea), *report & recommendation adopted*, 2010 WL 5239242 (S.D. Ala. Dec. 14, 2010); *cf. Coleman*, 501 U.S. at 735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.").

Because of procedural default, Powell is not entitled to relief under either ground.

## IV.   Ground Three: Ineffective Assistance of Counsel (Guilty Plea).

Powell appears to challenge the sufficiency of his guilty plea, explaining that his lawyer "rush[ed him] to sign and did not fully explain the nature of waiver, and he/she treated me with unfair advice and guide [sic], he/she was not with in [sic] the scope of 6th Amend."  (Doc. 38 at 9.)[3]

---

[3]      Powell weaves into this ostensibly ineffective assistance claim an allegation that his right to be protected against unlawful searches and seizures was violated.  "The protection against illegal searches and seizures is a nonjurisdictional defect in the proceedings before the district court that is waived by the entry of an unconditional, knowing, and voluntary guilty plea."  *United States v. Castro*, 73 Fed. App'x 79, 79 (5th Cir. June 23, 2003) (per curiam) (citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991)).  Because the undersigned finds that Powell's counsel did not provide ineffective assistance with regard to the guilty plea, Powell has waived all non-jurisdictional claims—including one asserting a violation of the right

To establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926 (2002); *accord Cooper v. Secretary, Dep't of Corrs.*, 646 F.3d 1328, 1351 (11th Cir. 2011).

To succeed on such a claim, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. And "[w]hen analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted).

When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied sub nom. Oats v. Moore*, 527 U.S. 1008 (1999); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a

---

to be protected against illegal searches and seizures. *Cf. Stewart v. Tucker*, No. 3:09cv452/LAC/EMT, 2011 WL 5983944, at *13 (N.D. Fla. Nov. 16, 2011) ("In the instant case, Petitioner does not challenge the effectiveness of the assistance he received from counsel in deciding to plead guilty, nor does he otherwise allege his plea not was not knowingly and voluntarily entered. Therefore, he waived his constitutional challenge to defense counsel's failure to investigate and present Tre Holbrook as a witness at the suppression hearing, and counsel's failure to depose law enforcement officers prior to the suppression hearing.") (collecting cases), *report & recommendation adopted*, 2011 WL 5981003 (N.D. Fla. Nov. 28, 2011).

court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

> The two-pronged *Strickland* test is [also] applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Id.* at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

> The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. Untied States*, No. 2:07-cv-111-FtM-33DNF, 2008 WL 638261, at *1 (M.D. Fla. Mar. 5, 2008) (citing *Hill*, 474 U.S. at 59).

*Rosado v. Secretary, Dep't of Corrs.*, No. 8:09–cv–02518–EAK–EAJ, 2010 WL 2976886, at *4 (M.D. Fla. July 20, 2010) (some citations modified); *see also Missouri v. Frye*, ___ U.S. ____, 132 S. Ct. 1399, 1409 (2012) (affirming that that decision "[did] nothing to alter the standard laid out in *Hill*. In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (quoting *Hill*, 474 U.S.

at 59); *id.* (further noting that "*Hill* was correctly decided and applies in the context in which it arose[,]" which is the same context the Court faces with this habeas petition).

Finally, "vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim." *Rosado*, 2010 WL 2976886, at *4 (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).

Powell's "vague [and] conclusory" claims under this ground—a ground the United States characterizes as " . . . , frankly, undecipherable [and] contain[ing] more choppy phrases than discernable allegations" (Doc. 40 at 5)—do not carry his burden to prove the prejudice prong of *Strickland* (a reasonable probability exists that but for any errors by counsel, Powell would not have pleaded guilty and would have insisted on going to trial). *Cf. United States v. Wilson*, 337 Fed. App'x 747, 749 (10th Cir. June 30, 2009) (in an action in which a defendant's allegations of ineffectiveness of counsel, likes Powell's, "were vague, especially compared to the overwhelming evidence against [him,]" the court of appeals denied a certificate of appealability and affirmed the district court's conclusion "that Wilson's allegation that his guilty plea was coerced by his trial counsel was inconsistent with the record of the proceedings, and that Wilson had therefore failed to establish that his counsel was ineffective or that Wilson was prejudiced in his defense") (citing *Strickland*).

As such, Powell is entitled to no relief under this final ground.

## V.     Certificate of Appealability.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his

habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

Because all the non-ineffective-assistance-of-counsel claims (Grounds I, II, and IV) are procedurally barred, Powell is not entitled to a certificate of appealability on those claims.  Where, as is the case for these claims, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""'"). Inasmuch as unexcused procedurally defaulted claims are barred from a § 2255 proceeding, *see Lynn*, 365 F.3d at 1234, a reasonable jurist could not conclude either that this Court is in error in dismissing those claims in the instant petition or that Powell should be allowed to proceed further on those claims.  *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Powell is similarly not entitled to a certificate of appealability on his ineffective-assistance-of-counsel claim (Ground III).  Where, as is the case for this claim, a habeas

petition is being denied entirely on the merits of an underlying constitutional claim, a COA should issue only when Powell demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack*, 529 U.S. at 484; *see also id.* at 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*[ *v. Estelle*, 463 U.S. 880 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").  With respect to Powell's ineffective-assistance-of-counsel claim, the undersigned recommends that the Court find that reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that any of the remaining issues presented is adequate to deserve encouragement to proceed further.  Accordingly, he is not entitled to a certificate of appealability as to this claim.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (*see* Doc. 14 in CA 11–0165–WS–C)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

<u>Conclusion</u>

Because the Magistrate Judge is of the opinion that (1) the petitioner's claim for ineffective-assistance-of-counsel (Ground III) fails because he has not shown that his rights were violated, and (2) the non-ineffective-assistance-of-counsel claims presented in the motion (Grounds I, II, and IV) are procedurally unavailable, it is **RECOMMENDED** that the motion (Doc. 38) be **DENIED**.

The Magistrate Judge **FURTHER RECOMMENDS** that the Court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of March, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

**1.**     ***Objection.***   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).[1]   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**2.**     ***Transcript (applicable Where Proceedings Tape Recorded).***   Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]     All Fifth Circuit Unit B decisions from any date are binding precedent in the Eleventh Circuit.  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[2]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).